IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREW E. McNEAL, AIS 268243, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-660-MHT-SMD |
| ) | (WO) |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     INTRODUCTION**

Plaintiff is an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama. Proceeding *in forma pauperis*, Plaintiff has filed this 42 U.S.C. § 1983 action naming as Defendants the Alabama Department of Corrections and the Alabama Department of Corrections Training Center. Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, 28 U.S.C. § 1915 (e)(2)(B), and 28 U.S.C. §§ 1915A(b)(1)–(2), the court must screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities. For the reasons discussed below, the Magistrate Judge RECOMMENDS that this action be DISMISSED without prejudice.

## II.  ORIGINAL COMPLAINT AND FIRST TWO AMENDED COMPLAINTS

After conducting its initial review of Plaintiff's complaint filed on September 28, 2023,[1] this court found that the complaint named several defendants against whom Plaintiff asserted vague and imprecise factual allegations and legal conclusions. Doc. 15. Those vague and conclusory assertions along with the narrative style of Plaintiff's allegations made it difficult for the court to discern the claims being presented, why each factual allegation was legally significant, and how the alleged facts represented violations of Plaintiff's constitutional rights.[2] *Id.* at 1. Consequently, on March 27, 2024, the court entered an order directing Plaintiff to file an amended complaint, specifically advising him to set forth the facts that supported his claims against the individuals he named as defendants, including how each named defendant violated his constitutional rights, the date on which the incidents occurred, and where the incidents occurred. *Id.* at 2.

Plaintiff filed an amended complaint on April 15, 2024. Doc. 16. Upon review, the court found that the amended complaint failed to meet the directives in its order of March 27, 2024. Doc. 17 at 1. Specifically, the court determined that the amended complaint, like Plaintiff's original complaint, asserted only vague and imprecise factual allegations and

---

[1] Plaintiff filed his complaint (Doc. 1) in the United States District Court for the Northern District of Alabama. That court transferred the case to this court on November 13, 2023. Doc. 5.

[2] Plaintiff alleged violations of his constitutional rights during his incarceration at the Staton Correctional Facility. Doc. 1. The defendants named by Plaintiff all appeared to be prison officials employed at Staton. *Id*. at 2–3, 11–12. Plaintiff asserted vague allegations about his phone being tapped and persons working at Staton sharing information about his personal life with other inmates. *Id*. at 2–5.

2

legal conclusions.³ *Id.* The court found that these vague and conclusory assertions made it difficult to discern the claims being presented, why each factual allegation was legally significant, and how the alleged facts represented violations of Plaintiff's constitutional rights. *Id.* Consequently, on May 3, 2024, the court entered an order directing Plaintiff to file an amended complaint, again advising him to set forth the facts that supported his claims against the individuals he named as defendants, including how each named defendant violated his constitutional rights, the date on which the incidents occurred, and where the incidents occurred. *Id.* at 2.

Plaintiff filed an amended complaint on May 17, 2024. Doc. 19. Upon review, the court found that the amended complaint failed to meet the directives in the court's order of May 3, 2024. Doc. 24 at 1. Specifically, the court found that the amended complaint, like Plaintiff's previous complaints, asserted only vague and imprecise factual allegations and legal conclusions.⁴ *Id*. The court found that Plaintiff's vague and conclusory assertions made it difficult to discern the claims being presented, why each factual allegation was legally significant, and how the alleged facts represented violations of Plaintiff's constitutional rights. *Id.* Consequently, on July 26, 2024, the court entered an order directing Plaintiff again to file an amended complaint, advising Plaintiff, as it had in earlier

---

³ Plaintiff essentially reasserted claims from his original complaint, but with less specificity and clarity. Doc. 16. The gist of his allegations appeared to be that, over the years, persons working at Staton shared false information about his personal life with inmates at the facility. *Id*. at 2–3. Plaintiff set forth no facts explaining how most of the individuals he named as defendants had violated his rights.

⁴ Plaintiff essentially reasserted the vague claims from his previous complaints without explaining how most of the individuals he named as defendants had violated his rights. Doc. 19.

3

orders, to set forth the facts that supported his claims against the individuals he named as defendants, including how each named defendant violated his constitutional rights, the date on which the incidents occurred, and where the incidents occurred. *Id*. at 1–2.

### III.   AMENDED COMPLAINT OF AUGUST 6, 2024

Plaintiff filed an amended complaint on August 6, 2024. Doc. 25. That amended complaint is now before the court. Upon review, the court finds that the amended complaint fails to meet the directives in the court's order of July 26, 2024. Specifically, the court finds that the amended complaint, like each of Plaintiff's previous complaints, asserts only vague and imprecise factual allegations and legal conclusions. The gist of Plaintiff's allegations appears to be that, for some unspecified time and in some unspecified manner, persons working at Alabama correctional facilities tapped his phone and improperly shared false information about his personal life. Doc. 25 at 2–4. Plaintiff's vague and conclusory assertions in this regard once again make it difficult to discern the claims being presented, why each factual allegation is legally significant, and how the alleged facts represent violations of Plaintiff's constitutional rights. The court notes that the amended complaint appears to include allegations about incidents that occurred at Staton as well as penal facilities different from Staton. *Id*. Moreover, the only defendants named by Plaintiff are state agencies, despite the court's admonitions that Plaintiff must set forth facts that supported claims against <u>the individuals</u> he names as defendants, including how each named defendant violated his constitutional rights, the date on which the incidents occurred, and where the incidents occurred. *See* Doc. 24 at 1–2.

Plaintiff's amended complaint is again disjointed and unintelligible, and it fails to assert those material facts necessary to establish a cognizable and viable claim against a named defendant. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). The amended complaint fails to identify specific facts that allow the court to make any plausible inference that the treatment Plaintiff allegedly received from a named defendant violated his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

For the reasons discussed above, dismissal of the case at this point is the proper sanction. After the court afforded Plaintiff opportunities to file an amended complaint, Plaintiff failed to comply with the court's orders specifically directing him to file an amended complaint that provides fair notice to the court and a defendant of the claims being presented. The muddled and inarticulate nature of the allegations asserted in Plaintiff's amended complaint simply afford no named defendant fair notice of any action or inaction on their part that violated a specific right of Plaintiff. The court therefore concludes that dismissal is appropriate for Plaintiff's failure to comply with the court's orders regarding the filing of an amended complaint. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456–57 (11th Cir. 1995).

## IV.  CONCLUSION

The Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice. Further, it is

ORDERED that the parties shall file any objections to this Recommendation on or before September 25, 2024. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of September, 2024.

/s/ Stephen M. Doyle  
STEPHEN M. DOYLE  
CHIEF U.S. MAGISTRATE JUDGE